**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GRADETECH, INC., a California corporation; SAM RIVINIUS, an individual, | No. 20-15812 |
| Plaintiffs-Appellees, | D.C. No. 5:19-cv-06157-NC |
| v. | MEMORANDUM[*] |
| CITY OF SAN JOSE, a public entity, | |
| Defendant, | |
| and | |
| JIM ORTBAL, as an individual and in his official capacity as the City's Hearing Officer on Gradetech's protest of the City's 2019 Minor Street Projects disqualification decision; DAVID FRENCH, in his individual capacity; CHRIS MASTRODICASA, in his individual capacity; MATTHEW CANO, in his individual capacity; MATTHEW LOESCH, in his individual capacity, | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted March 12, 2021
San Francisco, California

Before:  WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Defendants-Appellants Jim Ortbal, David French, Chris Mastrodicasa, Matthew Cano, and Matthew Loesch—all employees of the City of San Jose (the City) (collectively, the Employees)—appeal from the district court's order denying the Employees' qualified immunity defense to Plaintiffs-Appellees Sam Rivinius and Gradetech, Inc.'s (collectively, Gradetech) claims of First Amendment retaliation and violation of substantive due process.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).  We reverse and remand, with instructions to grant leave to amend Gradetech's first amended complaint (FAC).

Under the Supreme Court's two-prong qualified immunity analysis, we consider whether (1) the facts "[t]aken in the light most favorable to the party asserting the injury . . . show [that] the [officials'] conduct violated a constitutional right"; and (2) the asserted right was clearly established at the time of the alleged violation.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  When reviewing the district court's denial of the Employees' motion to dismiss based on qualified immunity *de novo*, we must "accept as true all well-pleaded allegations of material fact" from the FAC and "construe them in the light most favorable" to Gradetech.  *Padilla v. Yoo*, 678 F.3d 748, 757 (9th Cir. 2012) (citation omitted).  However, we need not

accept as true allegations that are vague, conclusory, or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

1. The FAC as it stands does not plausibly plead a claim of First Amendment retaliation under the first prong of the qualified immunity inquiry. To bring a claim of First Amendment retaliation, a government contractor must first show that "it engaged in expressive conduct that addressed a matter of public concern." *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004).

The district court acknowledged that the majority of Gradetech's alleged speech "related only to the financial and managerial dispute between the [City and Gradetech]," which is a private matter that does not constitute matters of public concern, but the court pointed out that Gradetech also allegedly warned the City about "safety concerns," warnings which the City "rebuffed." Although threats to public safety are "inherently of interest to the public," *Clairmont v. Sound Mental Health*, 632 F.3d 1091, 1104 (9th Cir. 2011) (citation omitted), we cannot determine from these barebones allegations alone whether Gradetech voiced a bona fide concern about public safety or whether, for example, it expressed concerns about the safety of its employees. The facts underlying the safety allegations, if properly pled, may establish that Gradetech spoke on a matter of public concern, but the FAC does not contain sufficient factual enhancement from

3

which we can reach that conclusion. *See Iqbal*, 556 U.S. at 678. We thus reverse the district court's denial of the Employees' motion to dismiss with respect to Gradetech's claim of First Amendment retaliation. Because the deficiencies of the FAC may be cured by amendment with respect to the First Amendment retaliation claim, we instruct the district court to grant the motion with leave to amend. *See Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992).

2. With respect to Gradetech's substantive due process claim, we reverse under the second prong of the qualified immunity analysis because Gradetech did not show that the asserted substantive due process right was clearly established. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Gradetech took the position both in its briefing opposing the motion to dismiss in the district court and in its brief on appeal to our court that it was pursuing only a substantive due process claim, not a procedural due process claim. To plead a substantive due process claim, Gradetech must plausibly allege "that the [Employees] deprived [it] of [its] rights under the contracts in a way that 'shocks the conscience' or 'interferes with rights implicit in the concept of ordered liberty.'" *Matsuda v. City & County of Honolulu*, 512 F.3d 1148, 1156 (9th Cir. 2008) (citation omitted).

The district court defined the asserted right too broadly when it concluded that "government employers . . . must not deprive contractors of their fundamental right to property in contracts," because "the clearly established law at issue 'must

be "particularized" to the facts of the case.'" *Foster v. City of Indio*, 908 F.3d 1204, 1210 (9th Cir. 2018) (quoting *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (per curiam)). Here, Gradetech did not identify any case that has held that a violation of an alleged contractual interest—including a prospective contractual interest—was so shocking to the conscience as to violate substantive due process. In the primary case cited by Gradetech, we in fact expressly declined to address this issue. *See Matsuda*, 512 F.3d at 1156. Because qualified immunity precludes Gradetech's substantive due process claim against the Employees, we reverse the district court's order denying the Employees' motion to dismiss with respect to this claim. Given the lack of clearly established law that could overcome the Employees' qualified immunity with respect to a substantive due process claim, amendment could not cure the defects in that claim.

On remand, the district court may determine whether Gradetech should be permitted leave to amend to pursue new claims not discussed herein.

**REVERSED and REMANDED.**